```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

DENNIS RAGUCCI,                    )
                                   )
            Petitioner,            )
                                   )
      v.                           )    C.A. No. 05-10773-EFH
                                   )
MICHAEL A. THOMPSON,               )
                                   )
            Respondent.            )
```

ORDER

Petitioner Dennis Ragucci, an inmate currently confined at MCI Shirley in Shirley, Massachusetts, filed a petition for relief under 28 U.S.C. § 2254 on April 11, 2005. The purpose of this order is to address the issues of the date on which the Court received the petition, the unpaid filing fee, and the name of the respondent.

I.   THE COURT'S RECEIPT OF RAGUCCI'S PETITION

On April 11, 2005, the Court received a letter from Ragucci implying that, in January 2005, he had filed a § 2254 petition under a cover letter dated January 14, 2005. The Clerk of the Court does not have any record of having received any filings from Ragucci prior to April 11, 2005. The Clerk has therefore docketed the copy of the petition Ragucci included in his April 2005 correspondence with the Court.

The fact that the Court does not have a record of receiving Ragucci's petition before April 2005 raises the issue of whether Ragucci's petition was timely. A petition for habeas relief must

be filed within one year of the latest of several events. 28 U.S.C. § 2244(d). Based on the information in the petition, the Court believes that the latest such event in Ragucci's case was the Supreme Judicial Court's January 29, 2004 denial of further appellate review of Ragucci's appeal. See Commonwealth v. Ragucci, 441 Mass. 1102 (2004). A § 2254 petition filed on April 11, 2005 would therefore be untimely.

If it "plainly appear[ed] from the face of the [petition] ... that [Ragucci] is not entitled to relief" by reason of the statute of limitations or any other reason, the Court would be required to "make an order for its summary dismissal." Rule 4(b) of the Rules Governing Section 2254 Cases; see also McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face). Here, in light of Ragucci's suggestion that he originally filed his petition in January 2005, it is not certain that Ragucci's petition is time-barred. The Court is willing to consider any evidence or explanation concerning any petition that Ragucci purportedly mailed to the Court in January 2005; the Court will also entertain any other arguments by Ragucci that his claim is not time-barred.

The Court therefore orders that, within forty-two (42) days of the date this order, Ragucci show cause as to why the Court should not find that his petition was filed after expiration of

the one-year filing period defined in 28 U.S.C. § 2244(d). Failure to respond to this order may result in dismissal of the petition.

II.  THE FILING FEE

Ragucci did not pay the $5.00 filing fee for this action, nor did he submit an application to proceed without prepayment of the filing fee.

A prisoner filing a § 2254 petition in this Court must either (1) pay the $5.00 filing fee for such actions; or (2) file an application to proceed in forma pauperis with a certified prison account statement.  See 28 U.S.C. § 1914 ($5.00 filing fee for petitions for habeas relief); § 1915 (proceedings in forma pauperis).  For the convenience of litigants, this Court provides a standardized form entitled "Application to Proceed Without Prepayment of Fees and Affidavit."  As the standard application instructs, a prisoner seeking to proceed in forma pauperis must also submit a "statement certified by the appropriate institutional officer showing all receipts expenditures, and balances during the last six months in [his] institutional accounts."  Application at 2; see also 28 U.S.C. § 1915(a)(2).

Because Ragucci has not submitted the filing fee or an application to proceed in forma pauperis, he shall be granted forty-two (42) days from the date of this order to do so.  If Ragucci fails to timely pay the filing fee or submit an

application with a certified prison account statement, this action will be dismissed without prejudice.

II.  <u>THE NAME OF THE RESPONDENT</u>

In the caption of his petition, Ragucci named Peter Pepe as the respondent and identified him as the person having custody over Ragucci. The current superintendent of MCI Shirley is Michael A. Thompson.

A writ of habeas corpus must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243. As the individual having day-to-day control over the facility in which Ragucci is detained, Thompson is Ragucci's legal custodian. <u>Vasquez v. Reno</u>, 233 F.3d 688, 694 (1st Cir. 2000). The Clerk shall thus correct the case caption to reflect that Michael A. Thompson is the respondent in this action.

<u>CONCLUSION</u>

ACCORDINGLY, the Court issues the following orders:

(1) Within forty-two (42) days of the date this order, Ragucci shall show cause as to why the Court should not find that his petition was filed after expiration of the one-year filing period described in 28 U.S.C. § 2244(d);

(2) Ragucci is directed to either pay the $5.00 filing fee or submit an application to proceed without prepayment of the filing fee with a certified prison account statement within forty-two (42) days of the date of this order or this action

4

shall be dismissed without prejudice; and

    (3)  the Clerk shall correct the case caption to reflect that Michael A. Thompson is the respondent in this action.

    The Clerk is directed to send petitioner an Application to Proceed Without Prepayment of Fees and Affidavit with this Order.
SO ORDERED.

```
  April 22, 2005                    /s/ Edward F. Harrington
DATE                                UNITED STATES DISTRICT JUDGE
```