UNITED STATES DISTRICT COURT
District Of Massachusetts

Suffolk County,                             C.A. #2005-10773-EFH,

DENNIS RAGUCCI
Petitioner

-Vs-

MICHAEL THOMPSON
Respondent

## PETITIONER'S MOTION TO STAY PROCEEDINGS

Now comes the Petitioner, Dennis Ragucci who is proceeding in forma pauperis or requesting to proceed in that manner and would ask respectfully that this Court See attached exhibit one;

1.) MOTION TO APPOINT APPELLATE COUNSEL IN THE TRIAL COURT WITH ATTACHED EXHIBITS [1] AND [2], DATED: MAY 1, 2005,

2.) CERTIFICATE SERVICE,

The Petitioner asserts that it might be necessary to add this claim regarding appellate counsel's failure to properly preserve these argument[s] in the trial court by the way of new trial motion See: Massachusetts Rules Of Criminal Procedure, Rule 30(b).

More significantly, if, it wasn't for Appellate Counsel's pettifogger ways this claim would be preserved in a manner that this Court is accustomed to on this Appeal;

A.) FAILURE TO PROPERLY PRESERVE THIS CLAIM IN THE TRIAL COURT,

B.) INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL AND NOW APPELLATE COUNSEL DUE TO THE ISSUE FORTHWITH.

[ 1 Of 2 ]

In any event, it would create a substantial risk of a miscarriage of justice not to allow this Petitioner an opportunity to fully exhaust all known remedies thereto, in accordance with;

<u>KILBURN -Vs- MALONEY, 164 F.Supp2d 113, (D. Mass 2001)</u>

<u>PETITIONER WOULD BE ENTITLED TO STAY HABEAS ON EXHAUSTED STATE CLAIM PENDING STATE COURT RESOLUTION OF UNEXHAUSTED BUT, POTENTIALLY MERITORIOUS CLAIMS</u>

also see in support of the petitioner's contention;

<u>NOWACZYK -Vs- WARDEN NEW HAMPSHIRE STATE PRISON 299 F.3d 69 (1St Cir 2002)</u>

Moreover, in light of these allegations the Petitioner is aware that this Honorable Court has ample discretion in matters such as this, WHEREFORE, in good faith the Petitioner has now attached an exhibit with evidence of a 'SUBSTANTIAL SHOWING OF THE DENIAL OF A CONSTITUTIONAL RIGHT' and after reviewing these claims its the belief of this Petitioner, this particular Court will allow these claims to be fully exhausted or to be heard in a manner that would require relief from Judgment.

In that respect, the Petitioner hopes and prays he be allowed the time to either: Stay these proceeding so this claim, can be fully exhausted <u>or</u> to allow these claims to proceeding as if the trial court already heard them.

Respectfully Submitted,

Dated: May 1, 2005,

CC: Filed.

_____
Mr. Dennis Ragucci Pro-Se
M.C.I. Shirley Medium W#67598
Shirley, Ma 01464-1218

[ 2 Of 2 ]

Mr. Dennis Ragucci, Pro-Se
M.C.I. Shirley Medium W#67598
post Office Box #1218
Shirley, Massachusetts 01464

Mr. John A. Nucci
Clerk-Magistrate                    Dated: May 1, 2005,
Criminal Business
607 U.S. Post Office
Superior Court Department
90, Devonshire Street
Boston, Massachusetts 02109

RE: COMMONWEALTH -Vs- RAGUCCI, Superior Court #98-10784 and 98-11330;

Dear Clerk-Magistrate, John Nucci:

    Enclosed please find the following documents accordingly;
1.) DEFENDANT'S MOTION FOR THE APPOINTMENT OF COUNSEL
2.) MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT COUNSEL
3.) ATTACHED EXHIBIT[S] (1) ONE AND (2) TWO
4.) CERTIFICATE OF SERVICE

    I would appreciate a complete copy of my docket entries after these document[s] are filed, I will therefore await your reply by the way of docket entries.

**THANK YOU FOR YOUR COMPLETE COOPERATION IN ADVANCE**

                                         Sincerely Yours,

CC: Filed.                                   _CoPY_____
                                         Mr. Dennis Ragucci

COMMONWEALTH OF MASSACHUSETTS
Superior Court Department

Suffolk, SS.                                        Docket Nos: 1998-10784
                                                                1998-11330

COMMONWEALTH OF MASSACHUSETTS
                                    Plaintiff

-Vs-

MR. DENNIS RAGUCCI
                                    Defendant

### DEFENDANT'S MOTION FOR THE APPOINTMENT OF APPELLATE COUNSEL HERETO

Now comes the Defendant, Mr. Dennis Ragucci who is now proceeding in forma pauperis, pro-se and would respectfully request that this Honorable Court to either: investigate or appointment counsel to these allegations of Constitutional error. Its very likely that this Court will not hold any type of hearing unless appropriate Appellate Counsel is part of this particular argument.

In order for these claims to be heard and/or articulated in a fashion that this Court is accustomed to. Moreover, the Defendant is unable to investigate these claims in a proper manner without Counsel at the helm. The Defendant is lacking in formal education which is needed to research and/or present these claims properly.

More importantly, this Defendant is confined within the State Correctional Facility located at Shirley Massachusetts. WHEREFORE, he is 'INDIGENT' due to this recent confinement and clearly without the proper means and/or funds to hire his own Attorney.

THEREFORE, in the interest of fundamental fairness Appellate Counsel must be appointed in the case at bar without further ado.

Respectfully Submitted,

Dated: May 1, 2005,

                                          CoPY
                                          _____
CC: Filed.                                Mr. Dennis Ragucci Pro-Se
                                          M.C.I. Shirley Medium W#67598
                                          Shirley, Ma 01464-1218

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR THE APPOINTMENT OF COUNSEL HEREIN

RE: <u>COMMONWEALTH -Vs- RAGUCCI</u>, Suffolk Superior Court #98-10784, 98-11330,

In 2001, Attorney Eric Weinstein was appointed to handle the Direct Appeal in this case at bar. In the same year, Attorney Weinstein files for a stay in the Defendant's case in the State's Appeal[s] Court. In 2002, a motion for new trial was filed, now somewhere down the road Attorney Weinstein withdraws from the Defendant's case.

Apparently before the Commonwealth filed its opposition to the Defendant's Motion for new trial, December 3, 2002, Attorney Kenneth Seiger had an opportunity to modify the Motion for new trial before December 3, 2002, and Attorney Seiger made no attempt to delete or add new iss[ues]. On December 5, 2002, the motion for new trial was DENIED without a hearing, (Spurlock, J.). On January 9, 2003, both Appeal[s] were consolidated.

In May 2003, Attorney Seiger files a brief and appendix in behalf of Mr. Ragucci, raising for the <u>first time</u> an ineffective assistance of counsel claim, [**TRIAL COUNSEL'S FAILURE TO FILE A CRUCIAL MOTION TO SUPPRESS**] Clearly, Attorney Seiger could of raised this in the Motion for new trial when he had the chance. However, waits until the Defendant's Direct Appeal to raise this allegation knowing the argument raised by Attorney Weinstein was completely without merit.

In June 2003, the Commonwealth, Keri Dee Rudolph files the Commonwealth's Opposition brief and Appendix arguing the claim can only be reviewed under one standard, a substantial risk of a miscarriage of justice, See attached exhibit one [Pages 27-28] of the State's Brief, <u>footnote six</u>.

In the contrary, Attorney Seiger's brief had raised completely different argument[s], See attached exhibit two [Pages 36-39] of the Defendant's brief in support of Mr. Ragucci's contention that Attorney Seiger should of either: <u>withdrew the original motion for new trial before the commonwealth opposed that original new trial motion</u>.

[Or], ask for a stay in the Appeal[s] Court until a proper record can be established and this claim is properly exhausted in the trial court, instead Attorney Seiger raises it on the Direct Appeal this opposed to a new trial motion. The question would be is this claim properly preserved ? right now its only reviewed under the miscarriage of justice standard opposed to the proper standard and/or form by the way of post-conviction motion. Due to Appellate Counsel's pettifoggal ways, Mr. Ragucci might have lost this claim, leaving him this avenue to exhaust it.

[ 1 Of 3 ]

On November 21, 2003, the Appeal[s] Court had rendered its decision by the way of a Memorandum and Order Pursuant to Rule 1:28, Pages 6-7, (A.C. 2001-P-00083). The Appeal[s] Court has overlooked the Federal Constitutional aspect of Mr. Ragucci's argument. Ultimately, agreeing with the Commonwealth's theory, if, its correct, then the Defendant must be given the complete and full opportunity to be heard in the trial court so it has the opportunity to review the claims first before any of the Supervising Court[s] hear these argument[s].

WHEREFORE, in accordance with the United States Constitution under the **Fourth, Fifth, Six and Fourteenth Amendment and Article Twelve Of The Massachusetts Declaration Of Rights,** Mr Ragucci must be afforded without further ado, <u>new</u> Appellate Counsel this in order to maintain a sense of justice and to protect the fundamental aspects of any Defendant in this type of situation. The Defendant contends that his claim is meritorious and trial counsel was under the duty imposed by both the state, See;
    <u>**COMMONWEALTH -Vs- SAFERIAN, 366 Mass 89, 96 (1974)**</u>
and at a Federal Level, See;
    <u>**STRICKLAND -Vs- WASHINGTON, 466 U.S. 668, 690 (1984)**</u>

Notwithstanding Mr. Ragucci's Appellate Counsel was under the same duty to preserve issue[s] that go to the heart of the case against Mr. Ragucci and furthermore, a critical part as to whether the presumption is overcome when Counsel omits case argument[s] that are considerably stronger than those presented in the past Appeal or past [Appeals] ? this at a State Level, See;
    <u>**COMMONWEALTH -Vs- SOWELL, 34 Mass App Ct 229, 231-34 (1993)**</u>
and at a Federal level, See;
    <u>**EVITTS -Vs- LUCEY, 469 U.S. 387, 396 (1985)**</u>
Although, In **EVITTS** The Supreme Court did not determine the appropriate standards to apply, See;
    <u>**LATTIMORE -Vs- DUBOIS, 152 F.Supp2d 67, 84-85 (D. Mass 2001)**</u>
(reversed on other grounds) <u>**311 F.3d 46, (1St Cir 2002)**</u>

In this case, probable cause existed before the second buy and/or purchase on April 13, 1998, according to Trooper Condon a buy was made of April 1, 1998, (13) Days before the second buy in Mr. Ragucci's apartment and/or house. See exhibit two of this Motion, Page 37 of the Defendant's brief, for the reasons thereof and accordance with,
    <u>**COMMONWEALTH -Vs- WIGFALL, 32 Mass App Ct 582, 587 (1992)**</u>
and at a Federal Level, See;
    <u>**KIMMELMAN -Vs- MORRISON, 477 U.S. 365, 382-383, (1986)**</u>
Quoting From;
    <u>**COMMONWEALTH -Vs- SEGOVIA, 53 Mass App Ct 184, 190 (2001)**</u>
the Defendant has clearly shown if, the motion to suppress was filed it would have presented a viable claim and there was a reasonable possibility that the verdict would be different if this evidence was not part of the first trial. More importantly, would effect his sentence.

[ 2 Of 3 ]

In any event, <u>new</u> Appellate Counsel must be appointed hereto, so Mr. Ragucci can have a full and fair hearing on these matters. WHEREFORE, the defendant would pray that this Honorable Court takes into consideration err[ors] of this magnitude that appear to be viable on its face. Inasmuch, claims raised for the first time in second post-conviction motion can be treated as if it was claimed for the first time, [Direct Appeal], See;
    <u>COMMONWEALTH -Vs- EGARDO, 426 Mass 48, 49 (1998)</u>

Technically Attorney Seiger, had taken over [all] duties of the original Appellate Counsel appointed to Mr. Ragucci and he had ample time to either: withdraw the original motion for new trial or at the very least modify it. THEREFORE, Attorney Seiger was part of the new trial motion <u>and</u> part of the direct appeal as well, which means he could not claim ineffective on himself and would guarantee this new claim of [INEFFECTIVE ASSISTANCE OF COUNSEL], be treated like if it was raised for the first time of direct Appeal.

More significantly, guarantee's Mr. Ragucci <u>new</u> Appellate Counsel solely for the claim of ineffective assistance of trial and appellate counsel. Moreover, even if the Defendant is incorrect in his analysis Appellate Counsel must be appointed in the interest of fundamental fairness, **LATTIMORE -Vs- DUBOIS, At 81**. This to assist and help put forth these claims in a way the trial court is accustomed to, the Defendant is proceeding pro-se and is unsophisticated in Criminal Law, with only limited education, if it was not for a jail-house lawyer this pro-se litigant would be unable to coherently advance the substance of his Constitutional claim of error properly.

The trial court must also hold a hearing in accordance with, See;
    **COMMONWEALTH -Vs- PENA, 31 Mass App Ct 201, 204, (1991)**
[EXIGENT CIRCUMSTANCES WERE NOT PRESENT THAT PERMITTED OFFICERS' WARRANTLESS ENTRY INTO DWELLING] and in accordance with, See;
**LOPEZ -Vs- MASSACHUSETTS, 349 F.Supp2d 109, 124-26 (D. Mass 2004)**
Mr. Ragucci had never received a full and fair hearing to date and is clearly entitled to one without further ado.

                                                      Respectfully Submitted,

Dated: May 1, 2005,

                                                      *Copy*

CC: Filed.
                                      Mr. Dennis Ragucci Pro-Se
                                      M.C.I. Shirley Medium W#67598
                                      Post Office Box #1218
                                      Shirley, Massachusetts 01464

# EXHIBIT # 1

IV. **THE DEFENDANT'S TRIAL COUNSEL PROPERLY DID NOT FILE A MOTION TO SUPPRESS THE DRUGS FOUND BY THE POLICE IN PLAIN VIEW WHEN THEY ENTERED THE APARTMENT BECAUSE THE POLICE HAD PROBABLE CAUSE COUPLED WITH EXIGENT CIRCUMSTANCES TO ENTER AND SECURE THE APARTMENT.**

The defendant claims that trial counsel was ineffective for not filing a motion to suppress the drugs, which he claims were illegally seized without a warrant (D. 36-39). This issue was not raised in the motion for a new trial[6] and hence will be analyzed only under the substantial risk of a miscarriage of justice standard. See *Randolph*, 438 Mass. at 296. Because the defendant overlooks the law of probable cause and exigent circumstances, there was no such risk.

The police, after seeing Condon come out of the house and give the signals, had probable cause to enter the defendant's apartment, and the exigency of the situation enabled them to secure the area to thwart people leaving and evidence being destroyed without a warrant. See *Commonwealth v. Martinez*, 47 Mass. App. Ct. 839, 842-843, *rev. denied*, 430 Mass. 1110 (1999) (the police had exigent circumstances to

---

[6] In his motion for new trial, the defendant raised a claim that the search warrant was invalid under *Commonwealth v. D'Onofrio*, 396 Mass. 711 (1986)(R. 27-32).

enter hotel room when they had reason to believe that suspects would flee the area). Although the police knew ahead of time that the defendant was involved in dug dealing, they did not have probable cause to believe that drugs would be found in the apartment until the drugs actually arrived. In these circumstances, the police were not required to get an anticipatory warrant just in case the drug deal was a success. See *Commonwealth v. Cast*, 407 Mass. 891, 906 (1990) ("neither this Court nor any other authority has ever required the police to [get an anticipatory warrant]). As soon as the police entered the apartment, they seized the evidence in plain view, secured the area, and applied for a search warrant. Because all the evidence was seized appropriately, a motion to suppress the evidence would have been futile.

V. **TRIAL COUNSEL PROPERLY REFRAINED FROM ASKING THE JUDGE TO INSTRUCT ON THE LESSER-INCLUDED INSTRUCTION OF INTENT TO DISTRIBUTE OVER 100 GRAMS OF COCAINE.**

The defendant asserts that his trial counsel was ineffective for not requesting the judge to instruct the jury on the lesser-included offense of trafficking

# EXHIBIT # 2

preparation influenced the defendant to remain silent rather than take the stand to defend himself. An evidentiary hearing was necessary to determine why the defendant took his attorney's advice and elected not to testify in his defense. This is an issue of sufficient importance to warrant findings and an evidentiary hearing concerning counsel's reasons for conducting the defense as he did. *Commonwealth v. Harding*, 53 Mass. App. Ct. 378, 382 (2001).

In the absence of a hearing followed by findings of fact, it is not possible for an appellate court to know whether there has been behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer, and whether it has likely deprived the defendant of an otherwise available, substantial ground of defense. *Commonwealth v. Caban*, 48 Mass. App. Ct. 179, 183 (1999). For all these reasons, the trial court abused its discretion in denying the motion without a hearing.

IV. A SUBSTANTIAL MISCARRIAGE OF JUSTICE AROSE BY COUNSEL'S FAILURE TO FILE A VIABLE MOTION TO SUPPRESS, WHERE THE POLICE MADE A FORCED ENTRY BEFORE THEY OBTAINED A WARRANT.

In the case at bar, the police executed a forced

entry into the dwelling and secured the occupants prior to obtaining a search warrant. After the forced entry, the police applied for and obtained a search warrant, and then began to search the residence and collect evidence (Tr. II:214-215). Because the police did not have a warrant prior to the forced entry, all the evidence should have been suppressed. The search and seizure of evidence violated the defendant's constitutional rights under the Fourth Amendment to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights. Defense counsel's failure to file a motion to suppress evidence constituted ineffective assistance of counsel.

Trooper Condon made a cocaine purchase with Ragucci on April 1. Therefore the police had ample time to obtain a warrant prior to the second purchase on April 13. The police forced their way into the house with a battering ram and seized evidence that was introduced against Ragucci at trial. Instead of obtaining a search warrant prior to entry, the police waited until after the arrest.

A motion to suppress had a reasonable chance of succeeding had defense counsel filed one and cited *Commonwealth v. Wigfall*, 32 Mass. App. Ct. 582, 587 (1992) [trial judge correctly allowed defendant's motion

-37-

to suppress where the police had sufficient information to procure an arrest warrant, or a warrant to search the defendant's basement apartment, three hours before making a warrantless entry of the premises and the Commonwealth failed to meet its burden of establishing exigent circumstances].

As in *Wigfall*, the police had probable cause and ample time to procure a warrant prior to making a forced entry. The trooper's face-to-face negotiation with the defendant for the sale of cocaine established probable cause to believe that he was currently engaged in the criminal activity of drug distribution. *Wigfall, supra* at 586. There was no justifiable excuse to make it impracticable for the police to obtain a warrant between April 1 and April 13. *Wigfall*, 587. There were no exigent circumstances to excuse a warrant application. *Wigfall*, 588.

By failing to file a motion to suppress the warrant, counsel deprived the defendant of a substantial ground of defense. *Commonwealth v. Segovia*, 53 Mass. App. Ct. 184, 190 (2001) [reversed where trial counsel was ineffective for failing to file a motion to suppress the defendant's custodial interrogation, where the defendant had a viable claim that the police officer conducting the

interrogation ignored the defendant's request for a translator, and where the failure to file a motion to suppress likely deprived the defendant of an otherwise available, substantial ground of defense]. As in *Segovia*, Ragucci had viable grounds for a motion to suppress, and failure to do so deprived him of a substantial ground of defense.

With these considerations in mind, counsel's failure to file a motion to suppress was manifestly unreasonable, and deprived the defendant of an available, substantial ground of defense. *Segovia*, supra at 194; *Saferian*, supra at 96; *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Kimmelman v. Morrison*, 477 U.S. 365 (1986); *United States v. Curzi*, 867 F.2d 36 (1st Cir. 1989)[reversed where police searched home without a warrant, without exigent circumstances, and belatedly obtained a warrant]. This case must be remanded for new trial. *Segovia*, supra at 194.

V. THE JURY INSTRUCTIONS SHOULD HAVE INCLUDED AN INSTRUCTION ON A LESSER-INCLUDED OFFENSE OF INTENT TO DISTRIBUTE LESS THAN 200 GRAMS OF COCAINE.

The evidence warranted a jury instruction on a lesser-included offense. The jury should have been instructed that they could find the defendant guilty