COMMONWEALTH OF MASSACHUSETTS

Superior Court Department

Suffolk, SS.                          Docket Nos: 1998-10784
                                                  1998-11330

COMMONWEALTH OF MASSACHUSETTS

                                      Plaintiff

-Vs-

MR. DENNIS RAGUCCI

                                      Defendant

## DEFENDANT'S MOTION FOR THE APPOINTMENT

## OF APPELLATE COUNSEL HERETO

Now comes the Defendant, Mr. Dennis Ragucci who is now proceeding in forma pauperis, pro-se and would respectfully request that this Honorable Court to either: investigate or appointment counsel to these allegations of Constitutional error. Its very likely that this Court will not hold any type of hearing unless appropriate Appellate Counsel is part of this particular argument.

In order for these claims to be heard and/or articulated in a fashion that this Court is accustomed to. Moreover, the Defendant is unable to investigate these claims in a proper manner without Counsel at the helm. The Defendant is lacking in formal education which is needed to research and/or present these claims properly.

More importantly, this Defendant is confined within the State Correctional Facility located at Shirley Massachusetts. WHEREFORE, he is 'INDIGENT' due to this recent confinement and clearly without the proper means and/or funds to hire his own Attorney.

THEREFORE, in the interest of fundamental fairness Appellate Counsel must be appointed in the case at bar without further ado.

                                      Respectfully Submitted,

Dated: May 1, 2005,

                                      _Copy_
                                      _____
CC: Filed.                            Mr. Dennis Ragucci Pro-Se
                                      M.C.I. Shirley Medium W#67598
                                      Shirley, Ma 01464-1218

_6-1-05_
_Motion denied_
_Edward F. Harrington, S.D.J._

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR THE APPOINTMENT OF COUNSEL HEREIN

**RE: <u>COMMONWEALTH -Vs- RAGUCCI, Suffolk Superior Court #98-10784, 98-11330,</u>**


In 2001, Attorney Eric Weinstein was appointed to handle the Direct Appeal in this case at bar. In the same year, Attorney Weinstein files for a stay in the Defendant's case in the State's Appeal[s] Court. In 2002, a motion for new trial was filed, now somewhere down the road Attorney Weinstein withdraws from the Defendant's case.

Apparently before the Commonwealth filed its opposition to the Defendant's Motion for new trial, December 3, 2002, Attorney Kenneth Seiger had an opportunity to modify the Motion for new trial before December 3, 2002, and Attorney Seiger made no attempt to delete or add new iss[ues]. On December 5, 2002, the motion for new trial was DENIED without a hearing, (Spurlock, J.). On January 9, 2003, both Appeal[s] were consolidated.

In May 2003, Attorney Seiger files a brief and appendix in behalf of Mr. Ragucci, raising for the <u>first time</u> an ineffective assistance of counsel claim, [**TRIAL COUNSEL'S FAILURE TO FILE A CRUCIAL MOTION TO SUPPRESS**] Clearly, Attorney Seiger could of raised this in the Motion for new trial when he had the chance. However, waits until the Defendant's Direct Appeal to raise this allegation knowing the argument raised by Attorney Weinstein was completely without merit.

In June 2003, the Commonwealth, Keri Dee Rudolph files the Commonwealth's Opposition brief and Appendix arguing the claim can only be reviewed under one standard, a substantial risk of a miscarriage of justice, See attached exhibit one [Pages 27-28] of the State's Brief, <u>footnote six</u>.

In the contrary, Attorney Seiger's brief had raised completely different argument[s], See attached exhibit two [Pages 36-39] of the Defendant's brief in support of Mr. Ragucci's contention that Attorney Seiger should of either: <u>withdrew the original motion for new trial before the commonwealth opposed that original new trial motion.</u>

[Or], ask for a stay in the Appeal[s] Court until a proper record can be established and this claim is properly exhausted in the trial court, instead Attorney Seiger raises it on the Direct Appeal this opposed to a new trial motion. The question would be is this claim properly preserved ? right now its only reviewed under the miscarriage of justice standard opposed to the proper standard and/or form by the way of post-conviction motion. Due to Appellate Counsel's pettifoggal ways, Mr. Ragucci might have lost this claim, leaving him this avenue to exhaust it.

# EXHIBIT # 1

27

IV.    THE DEFENDANT'S TRIAL COUNSEL PROPERLY DID NOT
       FILE A MOTION TO SUPPRESS THE DRUGS FOUND BY THE
       POLICE IN PLAIN VIEW WHEN THEY ENTERED THE
       APARTMENT BECAUSE THE POLICE HAD PROBABLE CAUSE
       COUPLED WITH EXIGENT CIRCUMSTANCES TO ENTER AND
       SECURE THE APARTMENT.

The defendant claims that trial counsel was ineffective for not filing a motion to suppress the drugs, which he claims were illegally seized without a warrant (D. 36-39).  This issue was not raised in the motion for a new trial[6] and hence will be analyzed only under the substantial risk of a miscarriage of justice standard.  See Randolph, 438 Mass. at 296.  Because the defendant overlooks the law of probable cause and exigent circumstances, there was no such risk.

The police, after seeing Condon come out of the house and give the signals, had probable cause to enter the defendant's apartment, and the exigency of the situation enabled them to secure the area to thwart people leaving and evidence being destroyed without a warrant.  See Commonwealth v. Martinez, 47 Mass. App. Ct. 839, 842-843, rev. denied, 430 Mass. 1110 (1999) (the police had exigent circumstances to

---

[6]    In his motion for new trial, the defendant raised a claim that the search warrant was invalid under Commonwealth v. D'Onofrio, 396 Mass. 711 (1986) (R. 27-32).

28

enter hotel room when they had reason to believe that suspects would flee the area). Although the police knew ahead of time that the defendant was involved in dug dealing, they did not have probable cause to believe that drugs would be found in the apartment until the drugs actually arrived. In these circumstances, the police were not required to get an anticipatory warrant just in case the drug deal was a success. See Commonwealth v. Cast, 407 Mass. 891, 906 (1990) ("neither this Court nor any other authority has ever required the police to [get an anticipatory warrant]). As soon as the police entered the apartment, they seized the evidence in plain view, secured the area, and applied for a search warrant. Because all the evidence was seized appropriately, a motion to suppress the evidence would have been futile.

V. **TRIAL COUNSEL PROPERLY REFRAINED FROM ASKING THE JUDGE TO INSTRUCT ON THE LESSER-INCLUDED INSTRUCTION OF INTENT TO DISTRIBUTE OVER 100 GRAMS OF COCAINE.**

The defendant asserts that his trial counsel was ineffective for not requesting the judge to instruct the jury on the lesser-included offense of trafficking

# EXHIBIT # 2

preparation influenced the defendant to remain silent rather than take the stand to defend himself. An evidentiary hearing was necessary to determine why the defendant took his attorney's advice and elected not to testify in his defense. This is an issue of sufficient importance to warrant findings and an evidentiary hearing concerning counsel's reasons for conducting the defense as he did. *Commonwealth v. Harding*, 53 Mass. App. Ct. 378, 382 (2001).

In the absence of a hearing followed by findings of fact, it is not possible for an appellate court to know whether there has been behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer, and whether it has likely deprived the defendant of an otherwise available, substantial ground of defense. *Commonwealth v. Caban*, 48 Mass. App. Ct. 179, 183 (1999). For all these reasons, the trial court abused its discretion in denying the motion without a hearing.

IV. A SUBSTANTIAL MISCARRIAGE OF JUSTICE AROSE BY COUNSEL'S FAILURE TO FILE A VIABLE MOTION TO SUPPRESS, WHERE THE POLICE MADE A FORCED ENTRY BEFORE THEY OBTAINED A WARRANT.

In the case at bar, the police executed a forced

-36-

entry into the dwelling and secured the occupants prior to obtaining a search warrant. After the forced entry, the police applied for and obtained a search warrant, and then began to search the residence and collect evidence (Tr. II:214-215). Because the police did not have a warrant prior to the forced entry, all the evidence should have been suppressed. The search and seizure of evidence violated the defendant's constitutional rights under the Fourth Amendment to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights. Defense counsel's failure to file a motion to suppress evidence constituted ineffective assistance of counsel.

Trooper Condon made a cocaine purchase with Ragucci on April 1. Therefore the police had ample time to obtain a warrant prior to the second purchase on April 13. The police forced their way into the house with a battering ram and seized evidence that was introduced against Ragucci at trial. Instead of obtaining a search warrant prior to entry, the police waited until after the arrest.

A motion to suppress had a reasonable chance of succeeding had defense counsel filed one and cited *Commonwealth v. Wigfall*, 32 Mass. App. Ct. 582, 587 (1992) [trial judge correctly allowed defendant's motion

-37-

to suppress where the police had sufficient information to procure an arrest warrant, or a warrant to search the defendant's basement apartment, three hours before making a warrantless entry of the premises and the Commonwealth failed to meet its burden of establishing exigent circumstances].

As in *Wigfall*, the police had probable cause and ample time to procure a warrant prior to making a forced entry. The trooper's face-to-face negotiation with the defendant for the sale of cocaine established probable cause to believe that he was currently engaged in the criminal activity of drug distribution. *Wigfall*, *supra* at 586. There was no justifiable excuse to make it impracticable for the police to obtain a warrant between April 1 and April 13. *Wigfall*, 587. There were no exigent circumstances to excuse a warrant application. *Wigfall*, 588.

By failing to file a motion to suppress the warrant, counsel deprived the defendant of a substantial ground of defense. *Commonwealth v. Segovia*, 53 Mass. App. Ct. 184, 190 (2001) [reversed where trial counsel was ineffective for failing to file a motion to suppress the defendant's custodial interrogation, where the defendant had a viable claim that the police officer conducting the

-38-

interrogation ignored the defendant's request for a translator, and where the failure to file a motion to suppress likely deprived the defendant of an otherwise available, substantial ground of defense]. As in *Segovia*, Ragucci had viable grounds for a motion to suppress, and failure to do so deprived him of a substantial ground of defense.

With these considerations in mind, counsel's failure to file a motion to suppress was manifestly unreasonable, and deprived the defendant of an available, substantial ground of defense. *Segovia*, *supra* at 194; *Saferian*, *supra* at 96; *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Kimmelman v. Morrison*, 477 U.S. 365 (1986); *United States v. Curzi*, 867 F.2d 36 (1st Cir. 1989) [reversed where police searched home without a warrant, without exigent circumstances, and belatedly obtained a warrant]. This case must be remanded for new trial. *Segovia*, *supra* at 194.

V.    THE JURY INSTRUCTIONS SHOULD HAVE INCLUDED AN INSTRUCTION ON A LESSER-INCLUDED OFFENSE OF INTENT TO DISTRIBUTE LESS THAN 200 GRAMS OF COCAINE.

The evidence warranted a jury instruction on a lesser-included offense. The jury should have been instructed that they could find the defendant guilty

-39-