Mr. Dennis Ragucci, pro-se
M.C.I. Shirley Medium W#67598
Post Office Box #1218
Shirley, Massachusetts 01464

Mr. William L. Ruane, Clerk
United States District Court
District Of Massachusetts
1, Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Dated: January 30, 2006,

RE: <u>RAGUCCI -Vs- THOMPSON</u>, C.A. No. 2005-10773-EFH

Dear Staff Attorney:

    On May 1, 2005, I sent numerous motions to this Court, (1) Motion to Amend, (2) Motion For Reconsideration, (3) Motion to Stay Proceedings, (4) Motion to Leave to Proceed in Forma Pauperis, On May 9th 2005, this Court acknowledged these pleadings as filed under the above-captioned matter, Paper Entry #4, 5, 6, 7, and for the record, the Motion for the appointment of counsel with attached exhibits and memorandum of law was actually an exhibit for paper entry #6 <u>MOTION TO STAY PROCEEDINGS</u> and ultimately these motions were all DENIED, on 06/01/2005. I took exception and as a result of that enclosed an order for the United States Court Of Appeals and that ORDER WAS ENTERED, 11/21/2005.

    Notwithstanding the lack of response from that State in which the Court Of Appeals gave them only two weeks, (see ORDER enclosed, back side) It would also appear that my direct appeal attorney never submitted the issue of Counsel's Failure to file a Motion to Suppress, in my FAR, application for leave to file for further appellate review.

    In accordance with, <u>GONSALVES -Vs- THOMPSON</u>, 396 F.Supp.2d 36, 40-41, n2 (D. Mass 2005) I would ask respectfully and most humbly for my original motion to stay be revived after consideration of the United States Court Of Appeals decision.

    I will therefore await your reply and confirmation on the issue of my request to stay these proceedings until I can properly exhaust it for this Court to review, keep in mind, my direct appeal Attorney had withdraw his original brief to add this claim and yet, that same Counsel omitted from FAR, Until confirmation, take care.

<u>THANK YOU FOR YOUR COMPLETE COOPERATION IN ADVANCE</u>

Sincerely Yours,

CC: Filed.

Mr. Dennis Ragucci

# United States Court of Appeals
## For the First Circuit

No. 05-1929

DENNIS RAGUCCI,

Petitioner, Appellant,

v.

MICHAEL A. THOMPSON,

Respondent, Appellee.

Before

Boudin, <u>Chief Judge</u>,
Campbell and Stahl <u>Senior Circuit Judges</u>.

ORDER OF COURT

**Entered: November 21, 2005**

The district court determined that Petitioner's § 2254 petition, received by the court on April 11, 2005, was untimely. In so doing, the district court measured the one-year period from January 29, 2004, the date when the Massachusetts Supreme Judicial Court denied further appellate review, and failed to recognize that the conviction did not become final (for purposes of the one-year limitations period) until the 90-day period for seeking certiorari had expired. <u>See</u> <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003)("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); <u>Neverson v. Farquharson</u>, 366 F.3d 32, 36 (1st Cir. 2004). In fact, it appears that Petitioner had until April 28, 2005 to file a § 2254 petition and that his April 11, 2005 filing was timely.

Accordingly, it is <u>ordered</u> that Respondent show cause why this Court should not summarily grant a certificate of appealability,