UNITED STATES DISTRICT COURT

District Of Massachusetts

Suffolk County,                                    No. 2005-10773-EFH,

DENNIS RAGUCCI
                                        Petitioner

$-Vs-$

MICHAEL A. THOMPSON

Respondent

## PETITIONER'S REQUEST FOR "STAY AND ABEYANCE"

Now comes the Petitioner, Dennis Ragucci who is proceeding in forma pauperis and would ask this Court at bar most humbly and respectfully that he be allowed to utilize the recently approved "Stay and Abeyance Standard" by the United States Supreme Court in, RHINES -Vs- WEBER, — U.S.— ., 125 S.Ct. 1528, 1534-36 (2005)., (Instructing all lowers Court(s) to use discretion when determining this particular request).

## DISTRICT COURT PROCEEDINGS

On 04/11/2005, the Court at bar accepts and files the Petitioner's petition for a writ of Habeas Corpus.

On 04/22/2005, Judge Edward F. Harrington enters and ORDERS that the Petitioner show cause within (42) days of said order why he believes his petition was timely filed., 28 U.S.C.A. §2244(d).

On 05/09/2005, numerous motion(s) were filed in response to Judge Harrington's order (Paper #3, 04/22/2005) particularly the Motion to Stay Proceedings and Motion for Reconsideration.

On 06/01/2005, Judge Harrington denies each motion without any legal or written findings in which Ragucci files for immediate clarification, but, is overlooked as well.

CURRENT PROCEEDINGS

It has recently come to the attention of this Petitioner that his direct Appeal Attorney (Seiger) omitted without explanation the claim of ineffective assistance of counsel [FAILURE TO FILE A MOTION TO SUPPRESS] in his Application for further appellate review.

## SHOWING GOOD CAUSE FOR RAGUCCI'S FAILURE
## TO EXHAUST ALL KNOWN STATE REMEDIES

The Petitioner filed a pro-se (brief and appendix) on the issue of counsel's failure to file a motion to suppress and had Mr. Ragucci known of counsel's failure and omission in his application for (FAR) to the Supreme Judicial Court he would of either filed it himself or pushed his appellate counsel to if he knew counsel would abruptly abandon this claim on (ALOFAR).

Albeit the Court at bar has recently recognized such practice even if, the Petitioner fails to ask the Court for such rare stays, GONSALVES -Vs- THOMPSON, 396 F.Supp.2d, 36, 43-44, (D. Mass 2005)., (Where [Lindsay, District Court Judge] instructs future petitioner(s) of such consequences for his failure to show cause to exhaust all known state remedies).

Even more importantly, applying to the Petitioner's current situation "[A] Massachusetts inmate may not raise an issue before the Appeal(s) Court, abandon it in his application for leave to obtain further appellate review (ALOFAR) and then raise it again in his Federal Petition for Habeas Corpus: Rather, in order to survive exhaustion requirements, issue must be raised within four corners of (ALOFAR)"., 28 U.S.C.A. §2254(b)(1); Mass. Rules App. Proc. Rule 27.1(b), 43 C M.G.L.A. (EMPHASIS SUPPLIED]

The claim in which Mr. Ragucci raises in his Habeas Corpus Petition appears to be "unexhausted" in accordance with GONSALVES, due to Attorney Seiger's pettifogger ways. In fact, on 05/11/2005, the Petitioner filed a motion to appoint counsel with attached memo of

(memorandum (4)

law in support of his contention, SUCR#1998-11330, paper #16 and SUCR#1998-10784, paper #see other docket number., (Suffolk Superior Court) and to date, without adequate findings.

Moreover, see (Ragucci -Vs- Thompson, C.A. #05-10773-EFH, Paper #6, 9-10) which is the motion to Stay Proceedings and attached exhibits [motion to appoint counsel and memo of law and support] that Motion was filed in the Superior Court, hopefully, the Court at bar recognizes that? No motion to appoint Counsel has ever been filed in the United States District Court, yet! $\frac{3}{}$

## POTENTIALLY MERITORIOUS CLAIMS

On November 21st 2003, the Massachusetts Appeals Court had rendered its decision by the way of Memorandum and ORDER pursuant to: Rule 1:28, Pages 6-7 (A.C. 2001-0083) Or see, Commonwealth -Vs- Ragucci, 60 Mass. App. Ct, 1103 (2003)., Where the Appeal(s) Court ignores the issue of trial counsel's failure to file a motion to suppress, (Exhibit Two, Page (2) of the Memorandum of Law in support of the appointment of counsel, paper #10 [05-10773-EFH]) by calling Ragucci's allegations meritless.

Recently the Appeal(s) Court had an opportunity to hear and rule upon similar issu(es) in, Commonwealth -Vs- McAfee, 63 Mass. App. Ct, 467, 470-73, 827 N.E.2d 224, (2005)., Likewise there as the case at bar, police officers had no basis to believe that immediate entry of that dwelling was necessary to prevent the destruction or removal of evidence and, thus, were not justified in making that warrantless entry of said dwelling to conduct interior impoundment while search warrant was being sought.

Even more similar to Ragucci's case facts, Officer(s) had four days to obtain a search warrant, but, instead surveilled known, stationary drug distribution operation and moved in on a night of their own choosing.

---

3/ "The law is well established that there is no constitutional right to the appointment of counsel in civil case(s)" KANE -Vs- WINN, 319 F.Supp.2d 162, 222, (D. Mass 2004)., only in rare case(s), Cookish -Vs- Cunninghan, 787 F.2d 1, 2 (1St Cir 1986)., (emphasis added).

That without having sought any warrant in general, Officer(s) could of easily foresee that appearing at that dwelling would in all likelihood induce suspects to take steps to destroy cocaine, and likewise in McAfee as in Ragucci, the State did not offer any justifiable excuse for such delay in obtaining a warrant., Id at 475-76, 827 N.E.2d 224., and pages 6-7, 798 N.E.2d 1046.

## DEFECTIVE FACTFINDING PROCESS

The Petitioner strongly asserts had the Massachusetts Appeal(s) Court actually discussed the prejudice aspect as they did in McAfee, he too, would be entitled to some relief. (albeit the Court had no authority to discuss this claim on direct review due to the lack of record, but, they did in part)., However, overlooking one factor, how Troopers had 13 days to obtain a warrant after the first purchase (FACE TO FACE) On April 1st 1998 until the second purchase April 13th 1998. Had trial Counsel filed any motion to suppress in the Superior Court on this particular hypothesis, there would of been a likelihood of success most likely prevailing on the basis of McAfee.

That presentation alone would be more than suffice and viable to some extent. In accordance with McAfee there was more than a reasonable possibility that the verdict would have been different had all or some of the drugs suppressed before trial..

The First Circuit has strict standards of review de novo when the state court fails to address issues of prejudice, See: DUGAS -Vs-COPLAN, 428 F.3d 317, 327 (1St Cir 2005).

Most particularly, the AEDPA limits these types of errors that will justify Federal Habeas Corpus relief, as amended by the AEDPA, 28 U.S.C.A. §2254., which authorizes Federal Court(s) to grant Habeas Corpus relief in cas[es] when the state Court(s) decision "was based upon fallacious or unreasonable determination of the facts in light of all evidence presented to that state court proceeding".

Further, section 2254(e)(1) provides that this determination of a factual issue made by the state court shall be presumed to be correct" and only rebutted by CLEAR AND CONVINCING EVIDENCE.

(memorandum (6)

The United State Supreme Court has routinely applied strict guidelines and explained several types of unreasonable determination, each of which presents its own set of circumstances or considerations when looking at such error as a whole.

The First type of error occurs when the state Court should have made findings of fact, but, neglects to do so., In that particular situation, there is nothing to which the presumption of correctness can attach legitimately.

The Second type of factfinding error occurs when the State Court does not make factual findings, but, it does so under the clear misapprehension as to the correct legal standard., [When] the State Court(s) legal finding infects that very fact finding process, the resulting factual determination will be unreasonable and no presumption of correctness can attach legitimately.

Finally the Third type of factfinding process itself is defective, if, the state Court makes some evidentiary findings without holding a hearing and giving the Defendant, Appellant and Petitioner an opportunity to present evidence to the contrary, see: McAfee at 470-473., such findings resulting unreasonable determination of the facts. More importantly, when State Courts plainly misapprehend or misstate the record in making their findings, such misapprehension can fatally undermine the factfinding process, rendering the resulting factual finding unreasonable.

Nonetheless, when "the assence of any subsidiary findings of fact or conclusions of law renders it virtually impossible for any lower Court rulings." Even more importantly, any supervising Court reviewing such claims are unable to engage in meaningful appellate review and would have no other recourse, but, remand to the lower Court for necessary findings of fact to the law applied to a Petitioner(s) individual circumstances, see: SUPERMERCADOS ECONO INC. -Vs- INTEGRAND ASSURANCE, 375 F.3d 1, 3., (1St Cir 2004).

In the Petitioner's memorandum of law in support of his motion to appoint counsel filed in Suffolk Superior Court, Ragucci makes a request for an evidentiary hearing in accordance with, Commonwealth

-Vs- Pena, 31 Mass. App. Ct, 201, 204, (1991)., Also to actually
determine why counsel conducted the defense he did (Attorney McBride)
LOPEZ -Vs- MASSACHUSETTS, 349 F.Supp.2d 109, 124-26., (D. Mass 2005),
Likewise in LOPEZ as in the case at bar, the Appellate record lacks
findings of fact and law supporting those facts and most importantly,
lacks trial counsel's tactial or strategic decision, not to conduct
a hearing on this matter would in essence create a problem in any
future Appeal(s). THEREFORE, [O]ne full and fair evidentiary hearing
is warranted to create for this Court an appropriate appellate record
on the claim of trial counsel's unreasonable tactic(s).

Undoubtably any response from Attorney McBride will be to the
contrary to which the Petitioner at bar asserts was manifestly
unreasonable when made, depriving Mr. Ragucci of an otherwise.,
available, substantial ground of defense, see: STRICKLAND -Vs-
WASHINGTON, 466 U.S. 668, 689., (1984); KIMMELMAN -Vs- MORRISON,
477 U.S. 356, (1986), also see: UNITED STATES -Vs- CURZI, 867 F.2d
36, (1St Cir 1989)., Furthermore, see in support of such contention,
Petitioner's memorandum of law in support of his motion to appoint
Counsel in Suffolk Superior Court or see RAGUCCI -Vs- THOMPSON, 2005-
10773-EFH., Paper #10 (exhibit two of that document).

In addition to that, lack of legal conclusions to claims of Federal
Constitutional err[ors] by the hands of (private counsel) [emphasis added]
must be worthy of some legal findings? Taken together, where appellate
Counsel abandons this claim in his application to leave to obtain
further appellate review leaving Mr. Ragucci paralyzed. In retrospect,
violating his constitutional right to effective assistance of counsel
in accordance with the sixth amendment right to the United States
Constitution.

Most significantly, these claims are potentially meritorious and
in good faith the Petitioner has made good cause for his failure to
exhaust this claim due to Counsel's unreasonable tactial or strategic
decision, see exhibit two and three of this document. The Petitioner
is aware that this Court has ample discretion when reviewing such
matters and asks most respectfully for some leeway.

The question presented hereto, is not a question of innocence or for that matter guilt, but, as to whether police in this case had violated the Petitioner's fourth amendment right to the United States Constitution. [W]hen Troop(ers) had entered Mr. Ragucci's place of residence without a warrant breaking their own mandated code of ethics or protocol, when securing any private residence.

Most importantly, Counsel failure to file any motion to Suppress the only evidence against Mr. Ragucci is questionable and manifestly unreasonable violating Mr. Ragucci's right to effective assistance of counsel mandated by the sixth amendment right to the United States Constitution and not give any explanation to these facts would further violate the Petitioner's fourteenth amendment right to the United States Constitution.

CONCLUSION

WHEREFORE, in good faith or fundamental fairness the Petitioner would ask most humbly and respectfully time to fully exhaust the crux of trial Counsel's failure to file a motion to suppress, to which deprived Mr. Ragucci of an otherwise available, but, also substantial ground of defense at his Federal level of review.

In respects to that, the Petitioner hopes and prays such request for a "Stay and Abeyance" be allowed for the following reasons enunciated herein. Moreover, every (90) days the Petitioner will keep the Court at bar abreast to possible resolution or any new developments or legal rulings rendered in the state Court proceedings in accordance with RHINES -Vs- WEBER and GONSALVES -Vs- THOMPSON.

Dated: August  21 , 2006,

Respectfully Submitted,

Mr. Dennis Ragucci, pro-se

CC: Filed.
    Annetto C. Benedetto., AAG,
    Enc/

M.C.I. Shirley Medium W#67598
Post Office Box  #1218
Shirley, Massachusetts 01464

(memorandum (9)

# EXHIBIT # 1

# United States Court of Appeals
## For the First Circuit

---

No. 05-1929

DENNIS RAGUCCI,

Petitioner, Appellant,

v.

MICHAEL A. THOMPSON,

Respondent, Appellee.

---

Before

Boudin, <u>Chief Judge</u>,
Campbell and Stahl <u>Senior Circuit Judges</u>.

---

ORDER OF COURT

Entered: November 21, 2005

The district court determined that Petitioner's § 2254 petition, received by the court on April 11, 2005, was untimely. In so doing, the district court measured the one-year period from January 29, 2004, the date when the Massachusetts Supreme Judicial Court denied further appellate review, and failed to recognize that the conviction did not become final (for purposes of the one-year limitations period) until the 90-day period for seeking certiorari had expired.   <u>See</u> <u>Clay v. United States</u>, 537 U.S. 522, 525 (2003)("For the purpose of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); <u>Neverson v. Farquharson</u>, 366 F.3d 32, 36 (1st Cir. 2004). In fact, it appears that Petitioner had until April 28, 2005 to file a § 2254 petition and that his April 11, 2005 filing was timely.

Accordingly, it is <u>ordered</u> that Respondent show cause why this Court should not summarily grant a certificate of appealability,

vacate the district court's termination of the case, and remand for further proceedings. Absent a response from Respondent within two weeks of the date of this order, we will vacate and remand.

By the Court:

Richard Cushing Donovan, Clerk

MARGARET CARTER

By: _____

Chief Deputy Clerk.

[cc: Annette Benedetto, AAG, Dennis Ragucci]

# EXHIBIT # 2

## COMMONWEALTH OF MASSACHUSETTS
### APPEALS COURT

SUFFOLK, SS.                                      A.C. No. 2001-P-83

### COMMONWEALTH

v.

### DENNIS RAGUCCI

## DEFENDANT'S MOTION FOR LEAVE TO FILE
## SUPPLEMENTAL BRIEF

Now comes the defendant in the above-captioned matter, and moves this Honorable Court for leave to file a supplemental brief. As grounds therefore, the defendant states that there are additional arguments that he wishes to raise on his direct appeal that do not appear in the brief he filed on March 6, 2003. The defendant further relies on the within affidavit of counsel.

WHEREFORE, the defendant requests that this motion be allowed.

DENNIS RAGUCCI
By his attorney:

Kenneth I. Seiger
P. O. Box 470725
Brookline, MA 02447
(617) 277-85 44
BBO# 556404

### Certificate of Service

I hereby certify that I have served a true copy of this Motion and Affidavit upon the Commonwealth, by first-class mail, postage prepaid, to: Keri Dee Rudolph, A.D.A., Suffolk District Attorney's Office, One Bullfinch Place, Boston, MA 02114, on this day of April 14, 2003.

Kenneth I. Seiger

COMMONWEALTH OF MASSACHUSETTS
APPEALS COURT

SUFFOLK, SS.                                    A.C. No. 2001-P-83


COMMONWEALTH

v.

DENNIS RAGUCCI

AFFIDAVIT OF COUNSEL

I, Kenneth I. Seiger, do swear and depose the following:

1.    I represent Dennis Ragucci in the above-captioned matter, having been assigned by
      the Committee for Public Counsel Services on April 17, 2002.

2.    Mr. Ragucci was convicted in the Suffolk Superior Court on nos. 1998-10784
      (trafficking in over 200 grams of cocaine) and 1998-11330 (trafficking in over 14
      grams of cocaine). On January 21, 2000, after a jury trial, McDaniel, J., presiding,
      he was sentenced to a mandatory 15-year sentence on no. 1998-10784, and he is
      currently incarcerated at Souza-Baranowski Correctional Center in Shirley,
      Massachusetts.

3.    I filed a brief on Mr. Ragucci's behalf on March 6, 2003. The Commonwealth's
      brief has not been filed yet and is currently due by May 29, 2003.

4.    The defendant's brief contains a number of issues that Mr. Ragucci and I agreed to
      raise. Subsequent to the filing of the brief, Mr. Ragucci has requested that I raise
      additional arguments. These are not arguments that he ever requested that I
      include before the filing of the brief in March, therefore there was no reason for me
      to include them. He understands that I may decide to include some of the new
      arguments under the dictates of *Commonwealth v. Moffett*. Therefore I seek leave
      on his behalf to file a supplemental brief that will include these additional issues.

      Signed under the pains and penalties of perjury on this day of April 14, 2003,

                                                Kenneth I. Seiger

# EXHIBIT # 3

**Kenneth I. Seiger**
Attorney at Law
P. O. Box 470725
Brookline, MA 02447

———

Telephone/Fax:
(617) 277-8544

August 19, 2003

Ashley Brown Ahearn, Clerk
Appeals Court
7th Floor
Three Center Plaza
Boston, MA 02108

Re:  Commonwealth v. Dennis Ragucci, No. 2001-P-83

Dear Ms. Ahearn:

Pursuant to Rule 16(l) of the Massachusetts Rules of Appellate Procedure, the defendant provides the supplemental authority of *Commonwealth v. DeJesus*, 439 Mass. 616 (2003). *DeJesus* is pertinent to pages 36-39 of the defendant's brief, and supports the defendant's argument in Part IV of his brief that the police unlawfully entered the premises prior to obtaining a search warrant.

Thank you for your attention to this matter.

Sincerely,

Kenneth I. Seiger

Cc: Keri Dee Rudolph, A.D.A.
    Dennis Ragucci

Mr. Dennis Ragucci, pro-se
M.C.I. Shirley Medium W#67598
Post Office Box  #1218
Shirley, Massachusetts 01464

FILED
CLERKS OFFICE

Mr. William L. Ruane, Clerk                 Dated: August 21  2006  2: 27
UNITED STATES DISTRICT COURT                              U.S. DISTRICT COURT
District Of Massachusetts                                 DISTRICT OF MASS.
1, Courthouse Way., Suite 2300
Boston, Massachusetts 02210


RE: RAGUCCI -Vs- THOMPSON, District Court #2005-10773-EFH, (ON
    REMAND FROM, RAGUCCI -Vs- THOMPSON, Court of Appeal(s)-05-1929)


Dear Clerk Ruane:


          Enclosed please find the following documents accordingly;
1.) PETITIONER'S REQUEST FOR "STAY AND ABEYANCE"
2.) CERTIFICATE OF SERVICE

          I would be so appreciative if this Office could file this
REQUEST for stay and abeyance posthaste and to keep me abreast by
sending a copy of my docket entry sheets after filing said motion
within your Court.

          I thank you in advance for your complete cooperation in
these particular matters.

                    OBVIOUSLY ANY TIME INVESTED IN THIS MATTER
                    AT HAND WOULD BE GREATLY APPRECIATED

                                             Sincerely   Yours,

CC: Filed.
    Annette C. Benedetto,
                                             Mr. Dennis Ragucci

## CERTIFICATE OF SERVICE

FILED
CLERKS OFFICE

        I hereby certify that I, Dennis Ragucci who is proceeding
in forma pauperis sent by (institutional mail box) [first class
mail] a copy of the Petitioner's request for "STAY AND ABEYANCE"
to: Annette C. Benedetto, Assistant Attorney General, Criminal
Bureau, One Ashburton Place, Boston, Massachusetts 02108, on
this typewritten date below;


                                        Respectfully Submitted,

Dated: August   21 , 2006,


                                        Denni  Rycci
                                        Mr. Dennis Ragucci, pro-se

                                        M.C.I. Shirley Medium W#67598

                                        Post Office Box  #1218

                                        Shirley, Massachusetts 01464