UNITED STATES DISTRICT COURT
District Of Massachusetts

Suffolk County,                                No: 2005-10773-EFH,


DENNIS RAGUCCI
Petitioner

-Vs-

MICHAEL A. THOMPSON
Respondent


PETITIONER'S MOTION FOR RECONSIDERATION


  Now comes the Petitioner, Dennis Ragucci who is proceeding in forma pauperis and would strongly urge the Court at bar to reconsider its original ruling on 09/12/06., paper entry #27, (REQUEST FOR STAY AND ABEYANCE) *Request is DENIED. So ordered* [U.S.D.J., Harrington].
  The Petitioner is therefore urging that this Court at its earliest possible convenience re-examine the importance of said request. Primarily the Petitioner would exhort that reconsideration of the Court's decision 09/12/06., be granted in any form and ultimately that the Petitioner's stay and abeyance which was DENIED must be reversed to correct any potential miscarriage of justice created by this Court's ignoring several key factors presented in this case[1] ' both legal and factual.'
  Where said Petitioner claims have been overlooked by this Court once again and it would be likely any further ruling or for that matter pleadings filed by Mr Ragucci will be undermined and misapprehended if legal findings are rendered hereto.

---

1.) Albeit the Petitioner is cognizant of this Court's heavy case load, see; KANE -Vs- WINN, 319 F.Supp.2d 162, 175, n13., (D. Mass 2004) [Where the Chief Justice (Young) illuminating the problem for pro-se inmates Court proceedings in civil cas(es)]. "Where technically state prisoner(s) who are pro-se in habeas corpus cases face similar obstacles"

(reconsideration -1-)

Furthermore, by this Court's lack of written findings and decision on 09/12/06., seemingly concludes that there would be no point in holding any type of hearing in this case because there was no indication that the evidence suggested in the motion to stay and abeyance would produce any more favorable evidence to the Petitioner's underlying merits.

Under such bizarre logic that no hearings should be held for any criminal Defendant, Petitioner because that particular Petitioner could not show that he could produce favorable evidence. This particular logic runs contra intuitive to our system of justice.

More importantly, the Court at bar adds to this injustice by the very same defective factfinding process to which is now alleged against the Massachusetts State Appeal(s) Court for its failure to give any explanation to the Law applied to Ragucci's individual circumstances.

Moreover, the Petitioner now looks upon this Court's own supervision and protection under the color of state and federal constitutional law to highlight many unresolved issues in the Petitioner's request to stay and abeyance. For example, and case at point.. throughout the entire state court proceedings no evidentiary hearing was held to establish or determine why the Petitioner's trial Counsel overlooked a crucial motion to Suppress the only evidence against Mr. Ragucci.

Notwithstanding Officer(s) or in this case trooper(s) lack of justifiable excuse for such delay (13., days) before the second purchase April 13th 1998. See; Petitioner's request for stay and abeyance, page (6) in support.. (ample time to obtain warrant)

In fact, other circuits throughout these United States have routinely applied strict guidelines or standards when determining cas(es) similar to the Petitioner's case facts, particularly, in the District of Mississippi, June 21st 2006., (BARBOUR, District Court Judge). Mr. Ragucci would exhort that this particular language is also recognized by these same standards.

(reconsideration -2-)

After the May 9th hearing, investigator Saul testified that he believed that there was sufficient probable cause to obtain a warrant before the Officer went to Cump's residence. He also stated that the impending search of the premise was not an emergency. Thus, there was more than enough time for a warrant to be obtained before Officer(s) proceeded to his residence.[2] UNITED STATES -Vs- SIMS, 435 F.Supp.2d 542, 550., (S.D. Miss 2006)

"Physical entry of the home is the Chief evil against which the wording of the fourth amendment is directed", PAYTON -Vs- NEW YORK, 445 U.S. 573, 585., (1980);

"(A) criminal Defendant shall enjoy competent counsel at all critical stages within any judicial proceeding, if such competency fails and a breakdown occurs would be the chief evil against which the wording of the sixth amendment is directed", KIMMELMAN -Vs- MORRISON, 477 U.S. 356, (1986) [Emphasis Added]

In comparison, Ragucci's case holds similar grounds, Troopers had 13 Days from April 1st 1998 to April 13th 1998 to obtain any type of warrant where on April 1st 1998, Trooper(s) purchase drugs from Mr. Ragucci at his home and these same Troopers went back on April 13th 1998 with the intention of purchasing more drugs from Mr. Ragucci and yet private trial counsel failed to file any motion to suppress the only evidence against him.

Put simply, this case should hold some value especially when trooper(s) cross that <u>strict</u> <u>boundary</u> between a reasonable and an unreasonable search. Recently the Court at bar took no pleasure in granting a motion to suppress which in all likelihood will lead to the dismissal of the criminal charges for lack of evidence. The Court was also cognizant of the fact that Law Enforcement Officer(s) are often required to make quick decisions.

---

2.) Police Officers observation of crack pike in residence while he was speaking with residents who had called police to report her son and friend had been using cocaine in the residence was sufficient to provide probable cause for warrant in general.

That are too easy to second-guess from the comfort of judicial chambers., Nonetheless, when an Officer has crossed the boundary between a reasonable and an unreasonable search. The Court at bar must adhere to the requirement of the Law., See; UNITED STATES -Vs- BOTCHWAY, 433 F.Supp.2d 163, 173., (D. Mass 2006).

Combined with the Petitioner's direct appeal Counsel's failure to raise private counsel's failure to file a motion to suppress on his State application for further appellate review even when such claim was raised within his appeal(s) Court Brief. Where Counsel fails to give any logically explanation for such omission "Aren't these exactly the type of issues that a hearing could of been clarified."

Even more troubling, in light of the appellate record lacking in all aspects the Court at bar continues to place minimal value on this factor that in so many past cas(es) seemed to be one of the most important factors.

The Petitioner would strongly suggest an evidentiary hearing is mandated by the color of state and federal constitutional law. In particular, if this Court refuses to reconsider his request for stay and abeyance and Mr. Ragucci's only recourse would to implore further. Most importantly in order for any supervising Court to review this record properly., a hearing is imperative so such claims can be preserved by paper record.

The United States Court Of Appeal(s) will review the District Court's decision not to hold an evidentiary hearing for abuse of discretion (Citation omitted) " A hearing is required only if the Petitioner makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on the paper - record."

In that respect, Mr. Ragucci's paper record lacks in all aspects which would make him eligible for any type of hearing in accordance with UNITED STATES -Vs- JIMENEZ, 419 F.3d 34, 42 (1st Cir 2005).,

In that case Mr. Jimenez was not entitled to a secord hearing when the first hearing resolved the issue at hand.

(reconsideration -4-)

In contrast, Mr. Ragucci asserts his claims are not at this point legitimately before this Court or for that matter, any Court. This due to the lack of appellate record, until these issues are properly exhausted by the way of an evidentiary hearing whether its from the Court at bar or done through the Suffolk Superior Court, but, for the purpose of future appeal(s). Written findings are necessary and imperative at best.

In CONCLUSION, for the reasons stated in the above argument, the Judgment of this Court rendered on 09/12/06., should be reversed and set aside so the Petitioner can properly exhaust the crux of Counsel(s) pettifogger ways in state Court to which a stay and abeyance must be afforded to Mr. Ragucci in the interest of fundamental fairness.

Moreover, in light of these recent arguments an evidentiary hearing is required by either Court albeit the state Court must have an opportunity first at such claims where said Court must adhere to the requirements of the law.

Dated: October 10-23 2006,

Respectfully Submitted
By The Petitioner,

CC: Filed.
    Annetto C. Benedetto,

_____
Mr. Dennis Ragucci, pro-se
M.C.I. Shirley Medium W#67598
Post Office Box #1218
Shirley, Massachusetts 01464

CERTIFICATE OF SERVICE

The Petitioner, Dennis Ragucci hereby certifies that he sent by first class mail (institutional mail box) a copy of the foregoing motion for reconsideration to: Annetto C. Benedetto, Assistant Attorney General, Criminal Bureau, One Ashburton Place, Boston, Ma 02108. On this typewritten date below;

Dated: October 10-23 , 2006,

_____
Mr. Dennis Ragucci, pro-se

(reconsideration -5-)