UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS RAGUCCI )<br>  Petitioner, )<br>        v. )<br>MICHAEL A. THOMPSON, )<br>  Respondent. )<br> ) | CIVIL ACTION<br>NO. 05-10773-EFH |

## ANSWER

The respondent answers the numbered paragraphs of the above-captioned petition for writ of habeas corpus as follows:

1-3.   Admitted.

4.     Admitted. And further answering the petitioner was convicted trafficking in over 200 grams of cocaine; distribution of marijuana; conspiracy to violate the Massachusetts Controlled Substance Laws and trafficking in over 14 grams of cocaine.

5-8.   Admitted.

9(a).  Admitted.

9(b).  Admitted. And further answering, the petitioner's judgment of conviction and order denying his motion for a new trial was affirmed.

9(c)   Admitted. *Commonwealth v. Ragucci*, 60 Mass. App. Ct. 1103, 798N.E. 2d 1046 (2008).

9(d).  The respondent is submitting documents from the petitioner's state court proceedings including the briefs, record appendixes and court decisions from his direct appeal. The record, which clearly indicates the specific grounds raised, speaks for itself.

9(e)(1).  Admitted.

9(e)(2).  Admitted.

2

| | |
|---|---|
| 9(e)(3). | Admitted. *Commonwealth v. Ragucci*, 441 Mass. 1101, 803 N.E. 2d 332 (Table)(2003). |
| 9 (e)(4). | The respondent is submitting documents from the petitioner's state court proceedings including his application for leave to obtain further appellate review. The record, which clearly indicates the specific grounds raised, speaks for itself. |
| 10. | Admitted. |
| 11(a)(1)-2. | Admitted. |
| 11(a)(3). | The respondent is submitting documents from the petitioner's state court proceedings including his Motion for a New Trial. The record, which clearly indicates the specific grounds raised, speaks for itself. |
| 11(a)(4). | Admitted. |
| 11(a)(5). | Admitted. |
| 11(a)(6). | Admitted. |
| 11(b). | The respondent is without knowledge or information sufficient to form a belief as to the truth of this paragraph. |
| 11(c). | Denied. The petitioner filed a notice of appeal after he was convicted. Soon thereafter, he filed a motion for a new trial which was denied. The petitioner appealed the denial and the two appeals were consolidated. On November 21, 2003, the Appeals Court affirmed the judgment of conviction and order denying the motion for a new trial. *See Commonwealth v. Ragucci*, 60 Mass. App. Ct. 1103, 798N.E. 2d 1046 (2008). |
| 12A-12B. | These paragraphs contains conclusions of law requiring no response. To the extent that the petitioner presents facts, they are denied. |
| 15 (a)-(f). | Admitted. |
| 15(g). | The respondent is without knowledge or information sufficient to form a belief as to the truth of this paragraph. |
| 16. | Admitted. |

3

17.     The respondent is without knowledge or information sufficient to form a belief as to the truth of these paragraphs.

Pursuant to Rule 5 of the Rules Governing 28 U.S.C. §2254 cases, the respondent is filing a Supplemental Answer with the following documents from the petitioner's state court proceedings:

1.  Brief and Record Appendix on Appeal to the Massachusetts Appeals Court (No. 2001-P-83)

2.  Brief For the Commonwealth/Appellee (No. 20001-P-83)

3.  *Commonwealth v. Ragucci*, 60 Mass. App. Ct. 1103, 798N.E. 2d 1046 (2008)(Unpublished).

4.  Defendant's Application For Further Appellate Review in the Supreme Judicial Court (FAR-13828). See *Commonwealth v. Ragucci*, 441 Mass. 1101, 803 N.E. 2d 332 (Table)(2003)(FAR denied).

### DEFENSES

1.  The state court adjudication of the petitioner's claims was not contrary to nor an unreasonable application of clearly established Supreme Court law nor is it based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d)(1).

2.  The petitioner has failed to exhaust state remedies on each and every claim (or part thereof) asserted. See 28 U.S.C. § 2254(b).

3.  The petitioner has failed to state a claim upon which relief under 28 U.S.C. § 2254 can be granted.

4.  The petitioner cannot rebut the presumption of correctness accorded to the state court's factual determinations underlying his purportedly federal constitutional claims. See 28 U.S.C. § 2254(e)(1).

5.  The respondent respectfully reserves the right to amend or supplement this Answer in the future should that need arise.

4

Respectfully submitted,

**MARTHA COAKLEY
ATTORNEY GENERAL**

**/s/ Annette C. Benedetto**
**Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200
BBO No. 037060**

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the Electronic Case Filing system will be sent electronically to the registered participant as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on the date set forth below.

**Dated: January 19, 2007**                    **/s/ Annette C. Benedetto**
                                                                              **Assistant Attorney General**